Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road
Ossining, New York 10562
Phone (914) 330-1527
Fax (914) 923-8913
*paulcist@justice.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
PATRICIA DUKES,

             **Plaintiff,**

   -against-

PUTNAM NORTHERN WESTCHESTER BOARD
OF COOPERATIVE EDUCATION SERVICES,

             **Defendant.**
-------------------------------------------------------------x

08 CIV. 5414

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

JUDGE ROBINSON

INDEX NO. _____

ASSIGNED JUDGE: _____

Plaintiff, Patricia Dukes, by and through her attorney, Paul N. Cisternino, as and for her Verified Complaint, alleges as follows:

### INTRODUCTION

1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically Title VII of the Civil Rights

Act of 1964 as amended by the Equal Employment Act of 1972, 42 U.S.C. §2000 *et seq.*, and the New York State Human Rights Law, New York Executive Law §290 *et seq.*

3. Plaintiff alleges herein that she was subjected to discrimination, denied the equal terms, conditions and privileges of employment and terminated based on her sex/gender.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission; her complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the Commission; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. Plaintiff at all times relevant herein resided within the State of New York.

8. Upon information and belief the defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq.*

## **ALLEGATIONS**

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. During her period of service to the defendant, plaintiff has always performed her designated job duties in a competent and professional manner, her written evaluations and observations were never negative, she did not have any disciplinary or other similar problems, and she received many letters commending her good performance.

11. Plaintiff was originally employed by the defendant in September 2003 to establish an ABA-complaint curriculum for autistic children, which she did successfully, expanding the program to three classes from the original one class in which it began.

12. On December 22, 2006, without advance warning, plaintiff was called to meet with Deputy Superintendent Renee Gargano and Administrator Tim Gill and told that she was being terminated because she struck a child, which wasn't true.

13. Although repeatedly requesting it at that time and in the immediate future, plaintiff was never given an opportunity to defend herself or to prove the falseness of these charges.

14. Plaintiff even contacted the District Superintendent to object to her dismissal and attempt to offer an explanation, to no avail.

15. Because she had previously observed unfair treatment of defendant's female employees in comparison to the male employees, plaintiff believes that the defendant's stated reason for her termination was a pretext and that the real reason was her gender.

16. For example, in or about October 2006, a male coach was never disciplined in

any way or suspended after being accused by a student of striking him in the head and also of inappropriately touching him; if fact, upon information and belief, this coach is still employed by the defendant as of this filing.

17. Plaintiff's termination was subsequently adopted by the Board and made effective February 23, 2007.

18. At the time of her termination plaintiff was making approximately $61,000 per year; since her termination, she has been unable to obtain suitable replacement employment.

19. Upon information and belief, the defendant does not maintain an office or a separate, independent mechanism for the reporting of discrimination, harassment or other similar complaints nor do they possess or distribute to employees a formal, written anti-discrimination policy.

## AS AND FOR A FIRST CAUSE OF ACTION BASED ON SEX/GENDER UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

20. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "19" as though fully set forth herein.

21. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under Title VII in that plaintiff was disparately treated based on her sex/gender.

22. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION BASED ON SEX/GENDER UNDER NEW YORK EXECUTIVE LAW §290

23. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" as though fully set forth herein.

24. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated based on her sex/gender.

25. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Patricia Dukes, respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated:  White Plains, New York
        June 13, 2008

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

_____
Paul N. Cisternino (PC-0317)

## VERIFICATION

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF WESTCHESTER      )

PATRICIA DUKES, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
PATRICIA DUKES

Subscribed and sworn to before me this
11th day of June 2008.

_____
Notary Public

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires _____

7