**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **PATRICIA DUKES,** | : |
| **Plaintiff,** | :  **Civil Action 08 -CIV- 5414 (SCR)** |
| **vs.** | : |
| | :  **ANSWER TO COMPLAINT** |
| **PUTNAM NORTHERN WESTCHESTSER** | : |
| **BOARD OF COOPERATIVE EDUCATION** | : |
| **SERVICES,** | : |
| | : |
| **Defendant.** | : |

---

Defendant NEWBURGH ENLARGED CITY SCHOOL DISTRICT, by its attorneys, Shaw & Perelson, LLP, as and for its Answer to the Complaint states:

1. Defendant admits the allegations at paragraphs 3, 8 and 17 of the Complaint.

2. Defendant denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth at paragraph 7 of the Complaint.

3. Defendant denies the allegations at paragraphs 1,2, 4, 5, 6, 12, 13, 15, 19, 21, 22, 24 and 25 of the Complaint.

4. As and for its answer to the allegations at paragraph 9 of the Complaint, defendant repeats its answers to paragraphs 1 through 8 of the Complaint as if fully set forth herein.

5. Defendant denies the allegations at paragraph 10 of the Complaint, except admits that the plaintiff has received positive comments on her observation/evaluation forms in 2004, 2005 and 2006 and had not been disciplined prior to her discharge on January 23, 2007, and denies knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff has received "many letters commending my performance."

6. Defendant denies the allegations at paragraph 11of the Complaint, except admits that the plaintiff was hired to establish an ABA-compliant curriculum for autistic students and that the number of such classes increased from one class to three classes during the period September 1, 2004 through December 31, 2006, but affirmatively states that the increase in the number of classes was due to school districts identifying an increased number of autistic students in their own schools that required ABA instruction and sending those students to the defendant's program.

7. Defendant denies the allegations at paragraph 14 of the Complaint, except admits that the District Superintendent met with the plaintiff on January 26, 2007 to discuss the reasons for his recommendation that the plaintiff be terminated, which had followed an internal investigation of allegations of misconduct and inadequate performance by the plaintiff, and affirmatively asserts that, after that meeting, the District Superintendent conducted a second review of the findings of the investigation and supporting documents that had led the District Superintendent to recommend the termination of the plaintiff; but the District Superintendent thereafter determined on or about January 31, 2007 that his recommendation that the plaintiff should be terminated should proceed.

8. Defendant denies the allegations at paragraph 16 of the Complaint, except admits that Bill Richards a tenured Physical Education Teacher employed by the District since September 23, 1985, was accused of striking and inappropriately touching an autistic student, and affirmatively asserts that after an internal investigation which included interviews with the school Social Worker Sara Mills-Cohen who had conducted a clinical interview with the student, one-to-one Teacher Aide Nancy Rosa who worked directly with the student and is with him at all times, and Mr. Richards, the defendant concluded that the allegations were not true. The defendant also affirmatively asserts that, contrary to similar allegations made against the plaintiff which served as a, but not the

exclusive, basis for her termination, as to Mr. Richards there was no eye-witness or other evidence supporting the allegations and that, contrary to the plaintiff, who was an untenured teacher, Mr. Richards is a tenured teacher with hearing rights pursuant to Section 3020-a of the New York State Education Law and thus, could only be disciplined or terminated from his employment if, after a hearing, before a neutral hearing officer, the defendant established that it had just cause to do so.

9. Defendant denies that it has knowledge or information sufficient to form a belief as to the truth of the allegations set forth at paragraph 18 of the Complaint, except admits that at the time of the termination of her employment by the defendant, the plaintiff's salary was $65,212.

10. As and for its answer to the allegations at paragraph 20 of the Complaint, defendant repeats its answers to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

11. As and for its answer to the allegations at paragraph 23 of the Complaint, defendant repeats its answers to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

### As And For A First Affirmative Defense

The Complaint fails to state a cause of action.

### As And For A Second Affirmative Defense

1. The  plaintiff neither served nor pleads the service of a Notice of Claim upon the defendant, a school district, as required by Education Law Section 3813 as to her State law claim.

2. The plaintiff's claim under Section 296 of the Executive Law of the State of New York (New York State Human Rights Law) is barred by New York State Education Law Section 3813.

**WHEREFORE**, defendant requests that the Court dismiss the Complaint in all respects and grant the defendant such other and further relief as the Court may deem just and proper.

Dated: July 14, 2008

**SHAW, PERELSON, MAY & LAMBERT, LLP**
Attorneys for Defendant


By:_____/S_____
Mark C. Rushfield, Esq. (MCR 0231)
Of Counsel
21 Van Wagner Road
Poughkeepsie, New York 12603
845/486-4200